## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ ) | |
| NORDONIA HILLS CITY SCHOOL DISTRICT ) | Civil Action No. 5:16-CV-01973 |
| BOARD OF EDUCATION, et. al. ) | |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | DEFENDANTS', JASON WALLACE, |
| ) | DANIEL BACHE, AND WALLACE |
| JASON D. WALLACE, et. al. ) | & BACHE LLC, JOINT MOTION TO |
| ) | DISMISS |
| Defendant. ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ ) | |

Defendants Jason Wallace, Daniel Bache and Wallace and Bache LLC ("Defendants"), jointly move this Honorable Court pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss Plaintiffs' Complaint. Plaintiffs failed to state a claim against Defendants on which relief can be granted and this Honorable Court lacks subject matter jurisdiction over Plaintiffs' claims.

More specifically:

A.  Plaintiffs' claims and alleged damages are time barred;

B.  Plaintiffs failed to alleged specific facts to support their claim that the underlying administrative actions were frivolous or brought for an improper purpose;

C.  Plaintiffs' allegations, even if true, do not amount to frivolousness or an improper purpose.

D.  Plaintiffs request relief which is not entitled under law;

Finally, Defendants request that the Court dismiss Plaintiffs' Complaint rather than allow them to amend their Complaint as the deficiencies cannot be remedied and its obvious their desire is to thwart protected activity. A Memorandum in Support is attached and referenced

1

herein.

Respectfully submitted,

/s/ Jason Wallace
Jason Wallace (0090167)
270 S Cleveland Massillon Rd
Fairlawn, Ohio 44333
P: 234-466-0829
F: 866-573-8377
Jason@GetHelpOhio.com
Attorney for Defendants Wallace, Bache and
Wallace and Bache LLC

## **Table of Contents**

TABLE OF AUTHORITIES ................................................................................................. ii

STATEMENT OF THE ISSUES TO BE DECIDED AND SUMMARY OF ARGUMENTS PRESENTED ...................................................................................................................... v

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ...................................... 1

I. BACKGROUND ........................................................................................................... 1

II. LEGAL STANDARD .................................................................................................. 3

    A.    Standard for 12(b)(1) ............................................................................................. 3

    B.    Standard for 12(b)(6) ............................................................................................. 4

III.    LAW AND ARGUMENTS ....................................................................................... 5

    A.    Plaintiffs' Claims and Alleged Damages are Time-Barred by the Statute of Limitations.. 5

    B.    IDEA's Attorney's Fee-Shifting Provision for School Districts Requires Plaintiffs to Sufficiently Allege Frivolousness and Improper Purpose. ........................................................ 8

        1.    IDEA's Fee-Shifting Provision for School Districts is Governed by the Heightened Standard that Applies to Prevailing Defendants. ................................................................... 9

        2.    Courts Should Award Fees to Prevailing School Districts in Only the Most Egregious Circumstances Because of the High Risk of a Chilling Effect. ............................................ 13

    C.    Plaintiffs Have Failed to Allege Specific Facts to State a Claim for Relief under IDEA. 17

    1.    Plaintiffs do Not Allege Facts to Support Frivolousness................................................... 17

a.    Plaintiffs do Not Allege Facts to Support an Improper Purpose. ......................................... 20

    D.    Plaintiffs Request Relief to Which They Are Not Entitled Under Law.......................... 24

        1.    20 U.S.C. § 1415(i)(3)(B)(i)(II-III) Imposes Liability Only on the Attorneys Participating in the Administrative Proceedings and does not Impose Vicarious Liability on the Law Firm that Employs Those Attorneys.................................................................... 25

        2.    Plaintiff Hylant is Not Proper Plaintiff Since it is Not a Prevailing Party Nor a State Educational Agency or Local Educational Agency........................................................... 27

        3.    20 U.S.C. § 1415(i)(3)(B)(i)(II-III) Does Not Authorize the Court to Award the Hearing Officer and Transcription Fees Requested by the Plaintiffs................................................ 27

    E.    The Complaint Should Be Dismissed as Its Deficiencies Cannot Be Remedied........... 28

IV. CONCLUSION ......................................................................................................... 29

i

# TABLE OF AUTHORITIES

### CASES

*AFSCME v. County of Nassau*, 96 F.3d 644, 651 (2nd Cir. 1996)-------------------------------------------------- 10

*Amherst Exempted Vill. Sch. Dist. Bd. of Educ. v. Calabrese*, No. 1:07-CV-920, 2008 U.S. Dist. LEXIS 55367 (N.D. Ohio July 21,  2008)------------------------------------------------------------------------------------------------------- 15, 27

*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297, 126 S. Ct. 2455, 2459, 165 L. Ed. 2d 526 (2006) ------------------------------------------------------------------------------------------------------------------------------------ 28

*Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009)* ---------------------------------------------------------------------------4, 8, 12

*Balmer v. HCA, Inc.*, 423 F.3d 606, 616 (6th Cir. 2005)------------------------------------------------------------- 10

*BDT Products, Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742 (6th Cir. 2010) ------------------------------------------- 25

*C.W. v. Capistrano Unified Sch. Dist.*, 65 IDELR 31 (9th Cir. 2015) -------------------------------------------------- 18

*Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 566 (1998)------------------------------------------------------- 3

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)------------------------------------------------------ passim

*Cypress-Fairbanks Indep. Sch. Dist. v. Barry*, 118 F.3d 245 (5th Cir. 1997) ------------------------------------ 27

*Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840------------------------------------------------------------------ 16

*El Paso Indep. Sch. Dist. v. Berry,* 400 Fed. Appx. 947 (5th Cir. 2010) ------------------------------------------- 15

*First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 524 (6th Cir. 2002) --------------------- 12, 20

*Foman v. Davis*, 371 U.S. 178, 182 (1962) ---------------------------------------------------------------------------- 29

*Frey v. Novartis Pharm. Corp.*, 642 F. Supp.2d 787 (S.D. Ohio 2009)------------------------------4, 27, 28, 29

*Fry v. Napoleon Cmty. Sch.*, 788 F.3d 622, 627 (6th Cir. 2015)------------------------------------------------- 16, 23

*Gibson v. Forest Hills Local School District Board of Education*, 14-3575, 14-3833, 14-3834, 15-3833 ----------------- 23

*Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000)-------------------------------------------------------------4

*In re Big Rapids Mall Assoc. v. Mut. Trust Life Ins. Co.*, 98 F.3d 926, 932 (6th Cir. 1996) ---------------------------- 11

*Jackson v. Northwest Local School District*, 110 LRP 49939, 1:09cv300 (S.D. Ohio 2010) ----------------------------- 21

*King ex rel. King v. Floyd Cty. Bd. of Educ.*, 228 F.3d 622 (6th Cir. 2000) ---------------------------------------- 5, 7, 8

*Lax v. District of Columbia*, 517 F. Supp.2d 57 (D. D.C. 2007) ---------------------------------------------------- 27

*Northwestern Ohio Bldg. & Constr. Trades Council v. Conrad*, 92 Ohio St.3d 282, 287 (2001)------------------------------3

*Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)-----------------------------------------4

*Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989)-------------- 26

*Powers v. Indiana Department of Education, Division of Special Education*, 61 F.3d 552 (7th Cir.1995)------------------ 7

*R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1125 (9th Cir. 2011) --------------------------------------- passim

*Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) ------------------------------------------------------- 14

*Sims v. Board of Education of Winton Woods School District,* 1:16-CV-281-------------------------------------- 16, 23

*Wayne D. v. Beechwood Independent School District*, 482 Fed.Appx. at 58 ------------------------------------- 16

### STATUTES

20 U.S.C. § 1400--------------------------------------------------------------------------------------------------------1

20 U.S.C. § 1400(d)(1)(B)-------------------------------------------------------------------------------------------- 13

20 U.S.C. § 1415--------------------------------------------------------------------------------------------------passim

20 U.S.C. § 1415(b) -------------------------------------------------------------------------------------------------- 13

20 U.S.C. § 1415(i)(2) ----------------------------------------------------------------------------------------------- 16

ii

20 U.S.C. § 1415(i)(3)(B)(i)------------------------------------------------------------------5, 6

20 U.S.C. § 1415(i)(3)(B)(i)(I) ------------------------------------------------------------ 13

20 U.S.C. § 1415(i)(3)(B)(i)(II) ------------------------------------------------------ 9, 10

20 U.S.C. § 1415(i)(3)(B)(i)(III) ----------------------------------------------------9, 11, 20

20 U.S.C. §1415(i)(2)(B) -----------------------------------------------------------------6

28 U.S.C. § 1927----------------------------------------------------------------------- 25

29 U.S.C. § 701 -----------------------------------------------------------------------1

34 CFR 300.530----------------------------------------------------------------------- 21

34 CFR 300.536------------------------------------------------------------------------ 22

Ky.Rev.Stat. 13B.140(1)-----------------------------------------------------------------7

O.A.C. 3301:51-05(K) ------------------------------------------------------------------3

O.A.C. 3301:51-05(K)(7)---------------------------------------------------------------- 22

O.A.C. 3301:51-5(K)(16)---------------------------------------------------------------- 28

O.A.C. 3301-51-05(K)(14) --------------------------------------------------------------- 23

O.A.C. 3301-51-05(K)(14)(b)(i)(a) -----------------------------------------------------------3

O.A.C. 3301-51-05(K)(17)(e) ------------------------------------------------------------ 23

O.R.C. § 119.092 -----------------------------------------------------------------------6

O.R.C. § 119.12 -----------------------------------------------------------------------6, 7

O.R.C. §2323.51(B)(1)---------------------------------------------------------------------7

O.R.C. 119.092----------------------------------------------------------------------------7

O.R.C. 119.12 -----------------------------------------------------------------------------3

O.R.C. 3323.05(H)--------------------------------------------------------------------------6

iii

OTHER AUTHORITIES

150 CONG. REC. S11655 (daily ed. Nov.19, 2004) --------------------------------------------------9

150 CONG. REC. S11655 (daily ed. Nov.19, 2004) (testimony of Sen. Kennedy) -------------- 12

150 CONG. REC. S11655 (daily ed. Nov.19, 2004) (testimony of Sen. Reed). ------------------ 13

*ABA Comm. on Nonlawyer Practice, Nonlawyer Activity in Law Related Situations: A Report*

   *with Recommendations*, 81 (1995).-------------------------------------------------------------- 14

Hearing Officer's Decision Doc#:1-5 PageID#:53 ------------------------------------- 17, 22, 24

## RULES

Fed. R. Civ. P. 11 ----------------------------------------------------------------------------10, 26

Fed. R. Civ. P. 12(b)(1) ----------------------------------------------------------------------------3

Fed. R. Civ. P. 12(b)(6) ----------------------------------------------------------------------4, 19, 24

Fed. R. Civ. P. 12(b)(6) ----------------------------------------------------------------------------4

Fed. R. Civ. P. 8(a)(2)----------------------------------------------------------------------------4

## STATEMENT OF THE ISSUES TO BE DECIDED AND SUMMARY OF ARGUMENTS PRESENTED

1. Are Plaintiffs' claims and alleged damages time barred by the statute of limitations?

   Similar to Federal Rule of Civil Procedure 54, parties seeking fees in an IDEA action do not have a lot of time to seek those fees. Here, Plaintiffs needed to seek fees within fifteen (15) days from the administrative decision. They failed to do so.

2. Have Plaintiffs sufficiently alleged frivolousness and improper purpose as required by IDEA's attorney fee shifting provision?

   Under the IDEA, in extremely rare circumstances Attorneys' fees can be granted to a school district. Here, Plaintiffs must allege facts sufficient to state a plausible claim under IDEA that Plaintiffs' attorney's fees should shift to Defendants because Defendants filed or pursued a frivolous due process action or did so for an improper purpose. Plaintiffs have failed to show the claim was frivolous or presented for improper purpose such as to harass, cause unnecessary delay, or needlessly increase litigation costs.

3. Have Plaintiffs alleged specific facts to state a claim for relief under IDEA?

   To succeed on a fee shifting claim under the IDEA, the Plaintiffs must allege specific facts to raise a right to relief above a speculative level. Plaintiffs have made conclusory statements and have been unable to plead any facts that could refute Defendants' position that their client's due process claim was legitimate both in merit and purpose.

4. Have Plaintiffs requested relief to which they are not entitled to under law?

   Under the IDEA's fees shifting scheme only schools and state educational agencies can receive attorneys' fees. Here, the Plaintiffs seek costs and fees and one Plaintiff is not a school or state educational agency.

5. Should the Plaintiffs' complaint be dismissed as its deficiencies cannot be remedied?

   If sought, the Plaintiffs should not be permitted amend their Complaint since it is clear they did not state a claim upon which relief can be granted and they are only seeking to chill protected activity.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

_____

NORDONIA HILLS CITY SCHOOL DISTRICT )
BOARD OF EDUCATION, et. al. )
)
)
     Plaintiff, )
)
     v. )   Civil Action No. 5:16-CV-01973
)
JASON D. WALLACE, et. al. )
)
     Defendant. )
_____ )

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

## I.    BACKGROUND

      This case is about a school district seeking to punish attorneys for bringing a special

education administrative due process claim that was ultimately unsuccessful. Defendants

Jason Wallace and Daniel Bache's clients, the Coleman family ("Clients" or "Coleman"),

sought a special education administrative due process hearing alleging their minor child was

a student with a disability for purposes of Section 504 of the Rehabilitation Act ("Section

504") and the Individuals with Disabilities Education Improvement Act ("IDEA"), that he

was denied a Free appropriate public education, failed to protect him from or to address

bullying concerns, and failed to conduct a manifestation determination prior to his latest

disciplinary events.

      At the time of filing the Due Process Complaint, the Colemans' minor child was a

ninth grade student at Nordonia Hills City School District ("Nordonia") and did not have an

individualized education program ("IEP") or a 504 plan as required for students with

disabilities pursuant to the IDEA and Section 504.  Additionally, at the time of the filing of

1

the Due Process Complaint, the Colemans' minor child was being bullied regularly for years, forced to take only online classes, was not allowed on school grounds due to multiple disciplinary events in the ninth grade, including numerous physical altercations, and partially due to an alleged threat that the minor child would bring a firearm to school and commit an act of gun-related violence.

The Colemans' minor child experienced numerous problems in his seventh and eighth grade as well.  These problems at school included being the target of racial slurs, suffering migraines so bad they caused blindness, poor concentration, poor grades and numerous disciplinary incidents. However, this history was given little if any review by the Plaintiff when evaluating the child.

The Plaintiff initially did not suspect the Colemans' minor child had a disability making him eligible for IDEA protections and support. Yet, by the time the Due Process Hearing was completed, the Colemans' minor child was provided with an IEP by Nordonia. The Colemans' sought relief in the form of a different educational placement, compensatory education, counseling, outside tutoring, teachers to be trained in practical steps to spot and respond to bullying, to be named prevailing party, attorney's fees, and any other remedy the IHO feels appropriate. Unfortunately, the IHO did not find in favor of the Colemans.

Then, the Coleman family sought to continue to exhaust their administrative remedies and challenge the impartial hearing officer's decision by appealing to a state level review officer ("SLRO").  Unfortunately, the SLRO improperly dismissed the Coleman family's claims by finding that they did not list grounds in their Notice of Appeal.[1]

---

[1] Grounds were listed by the Coleman family, including their desire to exhaust administrative remedies prior to bringing an action in a court of competent jurisdiction under Section 504 of the

Nordonia Hills City School District Board of Education ("Nordonia" or "Plaintiff") filed this original action for attorney's fees against Jason D. Wallace ("Mr. Wallace"), Daniel R. Bache ("Mr. Bache"), Roderick Linton Belfance LLP ("Roderick") and Wallace & Bache, LLP ("Wallace & Bache, LLP"), (collectively "Defendants") with this Honorable Court on August 5, 2016 (Doc#:1). Plaintiffs' Complaint alleged that Defendants filed a frivolous due process action for an improper purpose with the Ohio Department of Education under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1415 and Ohio Admin. Code 3301:51-05(K). Plaintiffs' Complaint must be dismissed because it fails to allege any facts that would support the high standards for frivolousness or improper purpose that make up the limited circumstances in which a school district may recover fees from a parent or their attorney and because this Honorable Court no longer has subject matter jurisdiction.

## II.  LEGAL STANDARD

### A.  Standard for 12(b)(1)

---

Rehabilitation Act and the Americans with Disabilities Act, even though the requirement of listing grounds was later removed by Ohio's legislature.  The General Assembly amended O.R.C. 119.12 to remove the requirement that notices of administrative appeals must state the grounds of the appeal, indicating that the General Assembly had decided that imposing that burden on appellants was no longer the public policy of Ohio.  *See Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 566 (1998) ("A legislative enactment, or statute, is initially introduced as a bill.  The introduction of a bill is a manifestation of public policy, which is determined primarily by the General Assembly.").  Thus, O.A.C. 3301-51-05(K)(14)(b)(i)(a) no longer represents a reasonable attempt to put the public policy announced by the General Assembly into action but, rather, now is directly in conflict with it.  See *Chambers* at 567; *Northwestern Ohio Bldg. & Constr. Trades Council v. Conrad*, 92 Ohio St.3d 282, 287 (2001) ("It is axiomatic that if a statute provides the authority for an administrative agency to perform a specified act, but does not provide the details by which the act should be performed, the agency is to perform the act in a reasonable manner based upon a reasonable construction of the statutory scheme.").

Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) may be categorized as either a facial attack or factual attack on the sufficiency of the pleading. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Courts reviewing a facial attack accept a complaint's allegations as true; whereas, courts reviewing a factual attack need not presume the truth of the complaint's allegations. *Id*. The plaintiff has the burden of establishing the existence of subject matter jurisdiction. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000).

### B.  Standard for 12(b)(6)

Plaintiffs' Complaint must allege sufficient facts that state a plausible claim for relief. "A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint" *Frey v. Novartis Pharm. Corp.*, 642 F. Supp.2d 787, 791 (S.D. Ohio 2009). A complaint may be dismissed if it fails to state a claim upon which relief can be granted. *Id*. In *Ashcroft v. Iqbal*, the U.S. Supreme Court interpreted the complaint pleading standards under Fed. R. Civ. P. 12(b)(6) and 8(a)(2), and clarified its previous decision in *Bell Atl. Corp. v. Twombly*, concerning the factual support necessary to satisfy Rule 8(a)(2). 129 S.Ct. 1937 (2009). After *Iqbal*, to survive a Rule 12(b)(6) motion to dismiss, a complaint must state "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*., 129 S.Ct. at 1940, (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). The *Iqbal,* Court divided its analysis into two steps: (1) to identify any conclusory allegations in the complaint that cannot be accepted as true; and (2) to determine "whether the complaint pleads a claim that is plausible on its face." *Frey v. Novartis Pharm. Corp*., 642 F. Supp.2d 787, 791 (S.D. Ohio 2009) (citing *Ashcroft v. Iqbal,* 129 S.Ct. at 1949,

1950). If, after this analysis, it is determined the complaint fails to meet the standard, the complaint should be dismissed pursuant to Rule 12(b)(6). *Id.*

### III.     LAW AND ARGUMENTS

####     A.  Plaintiffs' Claims and Alleged Damages are Time-Barred by the Statute of Limitations.

Plaintiffs' Complaint seek attorneys' fees and costs for the underlying due process hearing and attempted appeal which are clearly barred by the statute of limitations, and as such, deprives this Honorable Court of subject matter jurisdiction over the instant action.[2] In the opening statement of its opinion in *King ex rel. King v. Floyd Cty. Bd. of Educ.*, 228 F.3d 622, 623 (6th Cir. 2000), the United States Sixth Circuit Court of appeals framed the issue before it as follows:

> The question presented in this case—an action brought under the statute now known as the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 et seq.—is what limitations period applies to the filing of suits for attorney fees incurred in administrative proceedings where the substantive issues were resolved in favor of the claimants. The Act itself contains no statute of limitations for such situations, and there is a circuit split as to the approach that should be followed in filling the gap.

*King* involved a case where a dispute between parents and a school district involving the IDEA had proceeded through the administrative stages in Kentucky and where the parents had been determined to be the prevailing parties at the administrative level.  More than nine months later, the parents filed an action in district court under the IDEA fee shifting statute, seeking an award of attorney fees.  The *King* court recognized that the IDEA itself does not include a statute of limitations for bringing an attorney fee action as authorized by 20 U.S.C. § 1415(i)(3)(B)(i).

---

[2] Plaintiffs cannot legally recover the costs of the hearing officer and stenographer they are seeking as addressed later in this Memorandum.

The *King* court determined that (1) because the IDEA contained no specific statute of limitations, the most appropriate state statute of limitations must be determined by the Court; (2) generally, courts determine which state statute or cause of action is most analogous to the federal cause of action, (3) the fee claim authorized by 20 U.S.C. § 1415(i)(3)(B)(i) is "ancillary to the underlying education dispute" and "part and parcel" of the administrative proceeding; and (4) therefore, Kentucky's 30-day statute of limitations for appeal from an administrative order was appropriately applied.

Understanding that the Sixth Circuit Court of Appeals has determined that an award of fees is, in essence, an extension of the administrative proceedings, in Ohio O.R.C. § 119.092 supplies the most analogous statute of limitations/deadline for seeking a fee award. Specifically, O.R.C. § 119.092(C) allows a party to file an action in common pleas court requesting the court to make a ruling on a fee award to a prevailing party in an administrative action.  The deadline set forth in O.R.C. § 119.092(C) for filing such an action is "the period specified in section 119.12 of the Revised Code."   In other words, the action involving fee awards to a prevailing party in an administrative proceeding must be commenced within fifteen days after the mailing of the notice of the agency's order.  *See* O.R.C. 119.12(D) (specifically stating "[f]or purposes of this paragraph, an order includes a determination appealed pursuant to division (C) of section 119.092 of the Revised Code.").  With this understanding, O.R.C. § 119.12's 15-day limitations period is the Ohio limitation period that most closely resembles the School District's cause of action for attorney fees.

It is important for the Court to understand that Ohio Revised Code Section 3323.05(H) does not supply the appropriate statute of limitations for bringing an action for attorney fees under the IDEA. Revised Code Section 3323.05(H) does little other than repeat the language of

20 U.S.C. §1415(i)(2)(B), which states that "[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows."[3] This statutory language was present in the IDEA when the *King* court issued its decision, and yet the *King* court determined that "the Act itself contains no statute of limitations [for bringing an action for attorney fees]." The *King* court did not determine that Ky.Rev.Stat. 13B.140(1) included an "an explicit time limitation" for bringing an attorney fee action (as opposed to an appeal of a hearing officer's decision) – only that it was the most analogous statute to a situation where an action for attorney fees is brought by the prevailing party at the administrative level.

Both Ohio Revised Code Section 3323.05(H) and 20 U.S.C. §1415(i)(2)(B) provide appeal rights only to an "aggrieved party." The Plaintiffs were not aggrieved by any aspect of either the IHO decision or the SLRO decision – instead they seek fees based on its status as a prevailing party. It is O.R.C. §§ 119.092(C) and 119.12 that together provide a limitations period for a prevailing party of an administrative proceeding to commence an action in court to recover attorney fees. The limitations period is fifteen days.

Similarly, short time limitations for seeking attorney fee awards are generally recognized as proper. Compare *King* (30 days), *Powers v. Indiana Department of Education, Division of Special Education*, 61 F.3d 552 (7th Cir.1995) (30 days) and O.R.C.

---

[3] O.R.C. §3323.05(H) keeps 20 U.S.C. §1415(i)(2)(B)'s 90-day limitation for an aggrieved party to file an appeal from an SLRO's decision to federal court and prescribes a 45-day limitation period if an *aggrieved* party chose to file an appeal in state court. O.R.C. §3323.05 says nothing about the limitations period for a prevailing party to file an action seeking attorney fees. Accordingly, it cannot be said to be the state cause of action that is most analogous to the federal cause of action for attorney fees.

§2323.51(B)(1) (providing 30 days to file a motion with a court for attorney fees as sanctions after final judgment).  When discussing the impact of a thirty (30) day time period the Sixth Circuit in *King* considered Federal Rule of Civil Procedure 54(d)(2)(B) when holding that a short time period to recoup fees was consistent with federal law or policy and stated:

> We are strengthened in this view by the thought that if the plaintiffs had not prevailed on the underlying educational issues until the judicial review stage, they would have had only 14 days after the entry of judgment within which to move for attorney fees. Rule 54(d)(2)(B), Fed. R. Civ. P.

*King* at 627.  Therefore, allowing the Plaintiffs fifteen (15) days to submit an action for fees is clearly reasonable.

The IHO issued the decision for the underlying administrative due process hearing on the 2nd day of May 2016. The IHO ruled in favor for the Plaintiff school district for all claims brought by the Coleman family. Being the only aggrieved party, the Coleman family filed an appeal to the state level review officer ("SLRO") approximately forty-three (43) days later on the 15th day of June 2016. The SLRO dismissed the Coleman family's appeal on 7th day of July 2016. Plaintiffs filed the instant action on the 5th day of August 2016. Thus, Plaintiffs' Complaint was filed approximately ninety-five (95) days after the date of the IHO's decision and twenty-nine (29) days after the SLRO's decision.

As can be determined by comparing the certificates of service of the IHO decision and SLRO decision respectively, and the filing date of the Plaintiffs' Complaint, the Plaintiffs did not file its Complaint within the applicable 15-day limitation period. Accordingly, the Plaintiffs' action is time-barred and should be dismissed in its entirety.

**B.  IDEA's Attorney's Fee-Shifting Provision for School Districts Requires Plaintiffs to Sufficiently Allege Frivolousness and Improper Purpose.**

To satisfy *Iqbal*, Plaintiffs must allege facts sufficient to state a plausible claim under IDEA that Plaintiffs' attorney's fees should shift to Defendants because Defendants filed or pursued a frivolous due process action or did so for an improper purpose.

1. **IDEA's Fee-Shifting Provision for School Districts is Governed by the Heightened Standard that Applies to Prevailing Defendants.**

Compared to IDEA's provision that allows a parent to receive attorney's fees simply as a prevailing party, there is a heightened standard for school districts to meet that aligns with case law holding that fees should not shift to prevailing school districts except in the most egregious cases. *See R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1125 (9th Cir. 2011) ("The IDEA allows a prevailing state educational agency or school district to collect fees in certain rare circumstances.") As the Ninth Circuit noted, "the IDEA's language granting fees to prevailing defendants is nearly identical to the standard the Supreme Court developed in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), which is now the standard for awarding fees to prevailing defendants in civil rights cases." *Id.* This is further confirmed by IDEA's legislative history. 150 CONG. REC. S11655 (daily ed. Nov.19, 2004) (testimony of Sen. Kennedy) (stating that "the conferees intend to codify the standards set forth in *Christiansburg*").[4]

---

[4] While amending IDEA's provisions in 2004, Congress first contemplated that the Christiansburg standard applied to only 20 U.S.C. § 1415(i)(3)(B)(i)(II), the provision governing an award of attorney's fees to a parent's attorney, and that the standard under Fed. R. Civ. P. 11(b)(1) applied to 20 U.S.C. § 1415(i)(3)(B)(i)(III), the provision governing an award of attorney's fees to both a parent and a parent's attorney. See, 150 Cong. Rec. S5349 (daily ed. May 12, 2004) (testimony of Sen. Gregg). However, immediately prior to passing the bill in November 2004, Congress stated its intention to codify Christiansburg into both 20 U.S.C. § 1415(i)(3)(B)(i)(II) and (III) of IDEA's attorney's fees provisions. See, 150 Cong. Rec. S11655 (daily ed. Nov.19, 2004) (testimony of Sen. Kennedy)("By adding at Note 231 sections detailing the limited circumstances in which local educational agencies and State educational agencies can recover attorney's fees, specifically, Sections 615(i)(3)(B)(i)(II) and (III), the conferees intend to

9

Under *Christiansburg*, a prevailing defendant is not entitled to an award of attorney's fees on the same basis as a prevailing plaintiff. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 418-19 (1978). Rather, a "plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id* at 422. The provisions of IDEA that permit shifting fees to unsuccessful parents and their attorneys, thus is a much more stringent standard than for a prevailing parent.

First, IDEA's attorney's fees provision applicable to parents' attorneys requires showing frivolousness:

> [i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs--
> . . .
> (II) to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation[.]

20 U.S.C. § 1415(i)(3)(B)(i)(II). In other words, to state a claim against a parent's attorney, a school district must plead sufficient factual allegations that the due process complaint was frivolous or that the attorney proceeded after frivolousness became clear.

Courts applying the *Christiansburg* standard have held that a claim is frivolous if the plaintiff provides no evidence or legal authority in support of his claim or if the facts plaintiff alleges could never amount to a violation of law. *See e.g. Balmer v. HCA, Inc.*, 423 F.3d 606, 616 (6th Cir. 2005) (certain claims were frivolous after plaintiff learned in discovery that her

---

codify the standards set forth in Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978). According to Christiansburg, attorney's fees may only be awarded to defendants in civil rights cases where the plaintiffs' claims are frivolous, without foundation or brought in bad faith.")

facts did not support her legal theories); *AFSCME v. County of Nassau*, 96 F.3d 644, 651 (2nd Cir. 1996) (plaintiffs' claims were not frivolous as they produced evidence that established a prima facie violation of Title VII of the Civil Rights Act of 1964). Additionally, in a Rule 11 context, the Sixth Circuit has held that courts cannot sanction an attorney absent evidence of lawyer fault. See e.g., *In re Big Rapids Mall Assoc. v. Mut. Trust Life Ins. Co.*, 98 F.3d 926, 932 (6th Cir. 1996) (In Bankruptcy Court, "[a]bsent some further evidence of attorney fault, a lawyer cannot be sanctioned because a judge at some later date believes his client lacks credibility or is even lying under oath.").

Therefore, to state a claim against Defendants, Plaintiffs must plead specific factual allegations, including evidence of lawyer fault, that Defendants filed a frivolous due process complaint or proceeded after frivolousness became clear.

Second, IDEA's attorney's fees provision applicable to parents' attorneys and parents requires showing an improper purpose:

> [i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs--
> . . .
> (III) to a prevailing State educational agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation.

20 U.S.C. § 1415(i)(3)(B)(i)(III). Fees shift under this provision only if a parent or parent's attorney pursued a claim for an improper purpose such as to harass, cause unnecessary delay, or needlessly increase litigation costs.

When applying this provision, the Ninth Circuit held that a school district must demonstrate both frivolousness and an improper purpose to collect attorney's fees. *R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011). In Prescott, the court

concluded that because the parents' due process action was not frivolous, it necessarily was not brought for an improper purpose because "[a]s a matter of law, a non-frivolous claim is never filed for an improper purpose." *Id*. (citing *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1991) (en banc)).

A result, similar to the holding in *Prescott*, is reached after applying the "bad faith" analysis that is also incorporated into this part of IDEA's fee-shifting provision. See, 150 CONG. REC. S11655 (daily ed. Nov.19, 2004) (testimony of Sen. Kennedy) ( "According to *Christiansburg*, attorney's fees may only be awarded to defendants in civil rights cases where the plaintiffs' claims are frivolous, without foundation or brought in bad faith.") (emphasis added).

In the context of a court's inherent authority to impose attorneys' fees as sanctions, the Sixth Circuit has equated an improper purpose to "bad faith" and held that it requires a showing of both frivolousness and improper purpose to succeed. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 524 (6th Cir. 2002). In *First Bank*, the court held that to grant attorney's fees under the "bad faith" exception, "this Court's precedents establish that 'a district court must find that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose.'" *Id*. quoting *Big Yank Corp v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (internal citations and quotations omitted). It follows then, that to succeed in a request for attorney's fees because of an improper purpose, the prevailing defendant must demonstrate both frivolousness and a subjective motive of filing a suit for an improper purpose. Consequently, in line with the reasoning of the Sixth and Ninth Circuits and to meet *Iqbal's* pleading requirements under IDEA's standards governing both parents and their

attorneys, Plaintiffs must plead factual content that creates a plausible claim that the due process action was frivolous and Defendants' motives for bringing the due process claim were improper.

> **2.  Courts Should Award Fees to Prevailing School Districts in Only the Most Egregious Circumstances Because of the High Risk of a Chilling Effect.**

The IDEA creates a heightened standard within its attorney's fees provision for shifting fees to parents and their attorneys that requires the Complaint to be reviewed more carefully than if the plaintiff here were a prevailing parent. At its core, IDEA endeavors to guarantee that children with disabilities "receive the educational assistance and support they need and deserve." 150 CONG. REC. S11655 (daily ed. Nov.19, 2004) (testimony of Sen. Reed). Consequently, one of IDEA's underlying principles is to protect the rights of children and their parents to seek and obtain, through the courts if necessary, essential educational and related services. 20 U.S.C. § 1400(d)(1)(B). To this end, parents and children are entitled to file an administrative due process complaint against a school district when the school district fails to provide a child with a disability with a free and appropriate public education. 20 U.S.C. § 1415(b).

Following the *Christiansburg* standard, IDEA's attorney's fees provision does not shift fees to a prevailing defendant on the same basis as a prevailing plaintiff. To obtain attorney's fees under IDEA, a parent need only demonstrate that he/she was a prevailing party. 20 U.S.C. § 1415(i)(3)(B)(i)(I). However, a school district may obtain fees only in the limited circumstances of frivolousness and for an improper purpose described above. These different standards place a greater burden on a school district and require a school district to allege and prove more specific factual information than would be necessary if the parent were the prevailing party.

*Christiansburg* further cautioned that attorney's fees should not shift to the plaintiff except in the most egregious cases because of the risk of discouraging claims:

> It is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

*Christiansburg* at 421-22. *See also*, *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001).

This warning is especially important in cases involving attorney's fees under IDEA against unsuccessful parents and their attorneys because the risk is high of creating a chilling effect on children and parents to pursue their rights. "[Parents] shouldn't have to face financial ruin for attempting to vindicate the rights of their disabled child." *R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126-27 (9th Cir. 2011). Even the filing of a complaint for attorney's fees itself can chill a parent's exercise of her rights, so the Court should scrutinize the Complaint more carefully in this case.

A similar chilling effect on attorneys representing parents would occur with an expansive interpretation of the attorney's fees provision. "Lawyers would be improperly discouraged from taking on potentially meritorious IDEA cases if they risked being saddled with a six-figure judgment for bringing a suit where they have a plausible, though ultimately unsuccessful, argument." *Id*. at 1126. This would be especially detrimental because "[i]n many communities there appear to be few, if any, lawyers experienced or willing to handle" IDEA cases. *ABA Comm. on Nonlawyer Practice, Nonlawyer Activity in Law Related Situations: A Report with Recommendations*, 81 (1995).

Courts applying IDEA's attorney's fees provision have heeded *Christiansburg's* warning and awarded fees to a prevailing school district only in the most extreme cases. For example, the Fifth Circuit awarded fees to a school district where the parent's attorney proceeded with a due process hearing after it was clearly frivolous to do so. *El Paso Indep. Sch. Dist. v. Berry,* 400 Fed. Appx. 947 (5th Cir. 2010). The court noted that the attorney continued to litigate for unnecessary services, unreasonably advised his client to reject the district's settlement offer, and continued to litigate after the district offered all requested relief. *Id.* at 954-55.

In *Amherst v. Calabrese*, the Northern District of Ohio has cautioned against making an award of fees that would be inconsistent with the purposes of the IDEA. Even though the court awarded fees against the parent's attorney, it did so only after the attorney defaulted and failed to reply to the school district's motion for summary judgment. Notably, the court, on its own, ultimately reduced those fees because "[a]dministrative and civil actions against recalcitrant school districts are a necessary part of the statute's enforcement mechanism. Too large an award to a school district against a plaintiff's attorney might deter other attorneys from pursuing meritorious cases. This would be inconsistent with the purposes of the IDEA." Mag. Judge Vecchiarelli's Report and Recommendation, Document 91, adopted in full by the Court, *Amherst Exempted Vill. Sch. Dist. Bd. of Educ. v. Calabrese*, No. 1:07-CV-920, 2008 U.S. Dist. LEXIS 55367 (N.D. Ohio July 21,  2008).

Conversely, the Ninth Circuit refused to find that the parent's due process claim was frivolous merely because the parent was unsuccessful. *R.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011). Further, the Ninth Circuit stated that filing a non-frivolous lawsuit, even if out of anger, is not an improper purpose that justifies an award of attorney's

15

fees. Rather, anger is in fact a "legitimate reaction by parties who believe that their rights have been violated or ignored." *Id*. at 1227.

Additionally, it is not disputed that prior to getting to a court of competent jurisdiction after special education due process proceedings, parents and parents' attorneys do not receive any sort of discovery, the opportunity to depose witnesses, and are at a huge disadvantage since they cannot talk to teachers or know information that schools possess and have unfettered access to review. These hearings are meant to be informal in nature so that parents could represent themselves and parents are up against the deep pockets of school districts and insurance companies. Not to mention that additional information can be added at the state level review hearing and in the Sixth Circuit parents are permitted to submit additional information that courts shall review. 20 U.S.C. § 1415(i)(2), *Wayne D. v. Beechwood Independent School District*, 482 Fed.Appx. at 58, citing *Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840.

Further, pursuant to precedent in the Sixth Circuit and 20 USC 1415(l) parents are required to exhaust administrative remedies through an IDEA special education due process hearing even if they only want to bring claims in a court of competent jurisdiction under a different statute such as the Americans with Disabilities Act or Section 504 and may not have a valid IDEA claim. *Sims v. Board of Education of Winton Woods School District,* 1:16-CV-281 *citing Fry v. Napoleon Cmty. Sch.*, 788 F.3d 622, 627 (6th Cir. 2015). Therefore, it is Defendants position that prior to the completion of discovery at a court of competent jurisdiction and absent a showing of improper purpose, parents' attorneys should never be sued for frivolousness under the IDEA since they do not receive discovery and may be exhausting their administrative remedies as required.

16

Here, given the potential ramifications to children, parents, and their attorneys, the Complaint should be reviewed critically to ensure that Plaintiffs meets the greater burden of alleging specific facts supporting the ultimate conclusions that the due process complaint was frivolous or that Defendants acted with an improper purpose. The Plaintiffs' Complaint does not meet these standards.

**C.** **Plaintiffs Have Failed to Allege Specific Facts to State a Claim for Relief under IDEA.**

    **1.** **Plaintiffs do Not Allege Facts to Support Frivolousness.**

Even if true, the facts Plaintiffs allege could never amount to frivolousness. Here, the only paragraphs in which Plaintiffs allege frivolousness are Paragraphs 1, 65, 76, 77, 80, 95, 96, 100, and 102. In Paragraph 1, Plaintiffs broadly state that the administrative proceeding "was initiated and continued to be litigated by the Defendants even though frivolous, unreasonable, and/or without foundation and in a manner designed to needlessly extend and increase the costs of the litigation." Complaint at ¶1. Neither Paragraph 1 or Paragraphs 65, 76, 77, 80, 95, 96, 100, and 102 allege facts that would support frivolousness and are merely conclusory statements. Complaint at ¶¶65, 76, 77, 80, 95, 96, 100, and 102.

Defendants' Client pursued a legitimate due process claim for a legitimate and proper purpose--to resolve a dispute about their client's child's educational services. Plaintiffs have been unable, in its complaint, to plead any facts that could refute Defendants' position that their Client's due process claim was legitimate both in merit and purpose. Further, Plaintiffs provide no examples showing Defendant's "claims were meritless, frivolous, unreasonable and without foundation." In fact, Plaintiffs allege facts that directly support the Defendant's claims in their Complaint.

For Example, in Paragraph 16 Plaintiffs states "[d]uring the 2014-2015 school year, R.C. received two out-of-school suspensions. On October 23, 2015,[5] he was suspended out of school for five days (physical confrontation, disruption of school). On March 3, 2015, R.C. was suspended out of school for ten days with a recommendation for expulsion (physical confrontation)." Complaint ¶16. However, Plaintiffs then list Defendant's claim in Paragraph 38, in pertinent part, "… (6) that the student was suspended more than ten (10) days in aggregate without the required manifestation hearing…." Complaint ¶38. This claim alone negates the allegation that the due process claim was without merit and purpose as it shows R.C. was removed from school more than ten (10) days.

Plaintiffs further undermine their own complaint by providing examples of Defendant's claims having merit. For instance, Plaintiffs state Defendant's argued in Paragraph 38, in pertinent part:

> … (1) the Nordonia Hills City School District was not providing the student with a free appropriate public education ("FAPE"); (2) that the District violated Child Find under IDEIA…

Complaint ¶38. Clearly, if R.C. was not identified as a student with a disability until September 2016, as indicated in Plaintiffs' Complaint Paragraph 15, and the Defendant's allege that Nordonia violated child find under the IDEA beginning in May 2016 because the minor child should have an IEP, the Defendants' allegations had merit. Complaint ¶15.

Additionally, a claim is not frivolous, regardless of its ultimate success, if it involves a fact-specific inquiry or presents a novel issue of law. *C.W. v. Capistrano Unified Sch. Dist.*, 65 IDELR 31 (9th Cir. 2015). Plaintiffs acknowledge in Paragraph 53 of the complaint that the

---

[5] This five-day suspension was October 23, 2014 through October 30, 2014 as shown in the Hearing Officer's Decision Doc#:1-5 PageID#:53.

arguments the Defendants raised, including their motions such as *Objection to All Pre-Hearing Motions and Orders,* were recognized by the IHO as "novel" arguments. Complaint ¶53. As the IHO recognized the arguments as novel, the claim is clearly not frivolous under the *Capistrano* standard.

Moreover, the *Capistrano* Court found that the ALJ's careful analysis, finding of fact and conclusions of law coupled with that nothing in the ALJ's decision hinted that the claims were frivolous, indicated the seriousness of the claims. *Capistrano,* at 964. In this matter, the IHO denied both the Plaintiff's Motion to Dismiss filed December 18, 2015 and the Motion for Directed Verdict filed on January 30, 2016, only dismissing the retaliation claim for lack of jurisdiction. Hearing Officer's Decision Doc#:1-5 PageID#:45-46. The denial of the motions and the IHO's analysis, finding of fact and conclusions of law coupled with the fact that nothing in the ALJ's decision hinted that the claims were frivolous gives merit to the underlying proceeding.

In short, Plaintiffs have not pled any facts supporting a plausible claim that Defendants filed or pursued a clearly frivolous due process complaint or that any claims within the due process complaint were frivolous. At most, Plaintiffs' allegations prove that Defendants due process claim was subject to more than one interpretation and ultimately unsuccessful. Identifying a case's points of differing interpretations and eventual failure does not amount to frivolousness. To find otherwise undermines IDEA's purpose by deterring parents from seeking educational services from their child's school district, and contradicts *Christiansburg's* holding that attorney's fees should not shift to a plaintiff simply because she was not ultimately successful in her complaint. Consequently, Plaintiffs' allegations do not amount to frivolousness and the Complaint must be dismissed pursuant to Rule 12(b)(6) and *Iqbal*.

### 2.   Plaintiffs do Not Allege Facts to Support an Improper Purpose.

None of Plaintiffs' allegations, even if true, is sufficient to plead a plausible claim that Mrs. Colemans' due process claim was filed for an improper purpose. At the outset, the plain language of the statute requires Plaintiffs to plead facts that the due process claim was *presented* for an improper purpose. 20 U.S.C. § 1415(i)(3)(B)(i)(III)(emphasis added).

Additionally, for a claim to have an "improper purpose" the claim must be both frivolous (without merit) and result from an improper motive. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 524 (6th Cir. 2002), *R.P. ex rel. C.P. v. Prescott Unified School Dist.*, 631 F.3d 1117, 1126 (9th Cir. 2011).

Moreover, Plaintiffs have not alleged any specific factual allegations that, even if true, lead to a plausible inference of improper purpose. Plaintiffs imply improper purpose in Paragraphs 55 and 56 of their Complaint by stating that the Defendants "needlessly extend and increase the costs of the litigation", "protract the hearing", and "harass Mr. Tanner." Complaint ¶¶55, 56.  Paragraph 55 states:

> Throughout the hearing, Defendants Wallace and Bache focused on issues that were irrelevant and/or that were not before the IHO. For example, IHO McMullen ruled that she did not have jurisdiction over petitioners' retaliation claims. Despite this ruling, Defendant Bache engaged in a lengthy cross-examination of Kevin Tanner (Associate Principal) regarding student's application to a private school and Mr. Tanner's action regarding the application. These questions were pointless and were asked for no reason other than to protract the hearing and harass Mr. Tanner.

Complaint at ¶55. Paragraph 56 states:

> Similarly, the District did not dispute that student was disciplined or the number of days of disciplinary removal during the 2015-2016 school year. Nor did the District dispute the reasons for the disciplinary removals. However, Defendants Wallace and Bache examined numerous witnesses regarding these issues for no reason other than to protract the hearing.

Complaint at ¶56.

20

First, Plaintiffs accuses Defendants of focusing on issues that were irrelevant and/or that were not before the IHO, that Defendant Bache engaged in cross-examination of Kevin Tanner (Associate Principal) regarding petitioners' retaliation claims, the student's application to a private school and Mr. Tanner's action regarding the application. This statement alone does not raise a plausible inference that Defendants presented the due process hearing for an improper purpose. Instead, it implies that the Defendants cross examined Mr. Tanner on an issue they raised in their complaint and that required exhaustion before being brought as a Section 504 civil action. *See* 20 USC 1415(l). [6]

Second, Plaintiffs allege that Defendants protracting the hearing was demonstrated by "Wallace and Bache examin[ing] [n]umerous witnesses regarding" how the student was disciplined, the number of days he was removed for discipline and the reasons for the removals. Complaint at ¶56. Although Plaintiffs make the conclusory statement that the examinations were done for no reason other than protracting the hearing, Defendants stated in the due process complaint that no manifestation determination review ("MDR") was done prior to the expulsion. An MDR is necessary when there is a change in placement of a child with a disability. 34 CFR 300.530. A change in placement for disciplinary removals occurs when:

> (a) For purposes of removals of a child with a disability from the child's current educational placement under §§ 300.530 through 300.535, a change of placement occurs if—
> (1) The removal is for more than 10 consecutive school days; or
> (2) The child has been subjected to a series of removals that constitute a pattern—

---

[6] Additionally, as noted in *Jackson v. Northwest* and in numerous other resources, behavior and discipline can place a district on notice as to the student's disability or be a child find trigger that would cause a district to do a Section 504 or IDEA evaluation of the student to see if they need special education or related services. *Jackson v. Northwest Local School District,* 110 LRP 49939, 1:09cv300 (S.D. Ohio 2010).

(i) Because the series of removals total more than 10 school days in a school year;
(ii) Because the child's behavior is substantially similar to the child's behavior in previous incidents that resulted in the series of removals; and
(iii) Because of such additional factors as the length of each removal, the total amount of time the child has been removed, and the proximity of the removals to one another.
(b)(1) The public agency determines on a case-by-case basis whether a pattern of removals constitutes a change of placement.
(2) This determination is subject to review through due process and judicial proceedings.

34 CFR 300.536. As Defendants were arguing about child find and MDR, questions relating to whether the child's behavior is substantially similar to the child's behavior in previous incidents that resulted in the series of removals could only be seen to be relevant. Unfortunately, the hearing officer was not swayed by the either elicited testimony about the similarity of the disciplinary events, or the fact that R.C. self-reported, prior to the March 2, 2015 fight, his symptomology of depression, feeling angry most of the time and having a hard time concentrating, evidencing the suspicion of a disability. Hearing Officer's Decision Doc#:1-5 PageID#:53 ¶15.

Further, nothing in IDEA or Ohio law implementing IDEA requires a parent to wait to file a due process complaint while the school decides whether a student is eligible. The Plaintiffs had not found R.C. eligible at the April 15, 2015 meeting and as shown in ¶27 still did not find him eligible until months later. Complaint ¶27. In fact, a parent has a statutory right to file a due process claim at any time. 20 U.S.C. § 1415(f); Ohio Admin. Code 3301:51-05(K)(7). Plaintiffs have pled nothing more than the fact that Defendants helped their client avail herself of the administrative process to which she was entitled. This does not show that they presented the hearing for an improper purpose.

Third, Plaintiffs allege that Mrs. Colemans' prolonging and protracting the hearing was evident by Defendants continuing "to litigate even though it was obvious that the allegations in

22

the various due process complaints lacked merit, Defendants' continued pursuit of litigation in these administrative proceeding was frivolous, unreasonable, and/or without foundation. Further, Defendants' conduct during the litigation unreasonably prolonged and protracted the litigation."  Complaint at ¶102. This has no relevance to whether the hearing was presented for an improper purpose and proves nothing, especially considering Plaintiffs could not get a directed verdict after the close of Colemans' case in chief. The only plausible inference this statement creates is that Ms. Coleman did not agree with the underlying hearing officer's decisions, filed an administrative appeal under O.A.C. 3301-51-05(K)(14) in order to receive a de novo review of the substantive and procedural issues, and was seeking to be able to exhaust her administrative remedies for other claims prior to bringing a new action regarding children with disabilities in a court of competent jurisdiction as described in O.A.C. 3301-51-05(K)(17)(e) and 20 USC 1415(l).

The IDEA requires a plaintiff to exhaust administrative remedies before filing suit under the ADA or Rehabilitation Act, even if no IDEA claim is alleged in the complaint, if his discrimination claims implicate his right to receive a free appropriate public education. *Sims v. Board of Education of Winton Woods School District,* 1:16-CV-281 *citing Fry v. Napoleon Cmty. Sch.*, 788 F.3d 622, 627 (6th Cir. 2015). As stated in *Gibson v. Forest Hills,* "The most sensible reading of the Ohio regulation requires an aggrieved party to file a notice of appeal with the Ohio Department of Education if the party wishes to preserve objections to an IHO's decision. If the SLRO does not exercise whatever discretion she may have to consider an appellee's forfeited argument, a party's failure to file such a notice means that the party has not exhausted administrative remedies. This reading of the regulation not only fulfills our obligation to give meaning to each and every part of a regulation, *see Myers*, 116 N.E. at 517,

23

but also ensures that the parties, the Ohio Department of Education, and the SLRO have ample opportunity to correct any of the IHO's mistakes, see *Donoho*, 21 F.App'x at 296." *Gibson v. Forest Hills Local School District Board of Education*, 14-3575, 14-3833, 14-3834, 15-3833.

Fourth, Plaintiffs allege in Paragraph 23 that the school had offered to evaluate prior to the due process complaint being filed on May 5, 2015 and that Defendants alleged that the District failed to evaluate R.C., whereas it actually reads "[t]he District has failed to properly find R.C. as a child with disabilities and did not conduct an ETR *timely*." Complaint ¶23 (emphasis added). This allegation does not demonstrate that Defendants request for an ETR amounted to an improper purpose for filing the due process request. At most, it shows the Colemans' did not believe Plaintiffs had timely evaluated, or offered to evaluate, R.C. Even if true, Plaintiffs assertion does not rise to an improper purpose.

Finally, in Paragraph 37, Plaintiffs allege that Defendants did not bring paper copies of proposed exhibits to the disclosure conference, however, they do not state that they were aware of all documents to be presented, and the names of representatives and witnesses who would appear at the hearing on behalf of Petitioners, at least five days prior to the hearing. Hearing Officer's Decision Doc#:1-5 PageID#:51 ¶6. This allegation does not amount to an improper purpose under *Iqbal.*

The examples show that, even if every allegation in the Complaint were taken as true, Plaintiffs stated no allegations that would permit this Honorable Court to infer that Defendants presented the due process action for an improper purpose or that the matter was frivolous. This is not the type of "egregious case" IDEA contemplates as requiring an award of attorney's fees to Plaintiffs. As such, Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6).

**D. Plaintiffs Request Relief to Which They Are Not Entitled Under Law.**

24

1. **20 U.S.C. § 1415(i)(3)(B)(i)(II-III) Imposes Liability Only on the Attorneys Participating in the Administrative Proceedings and does not Impose Vicarious Liability on the Law Firm that Employs Those Attorneys.**

The pertinent language of 20 U.S.C. § 1415(i)(3)(B)(i)(II-III) is substantially similar to the language of 28 U.S.C. §1927, which states:

> ***Any attorney or other person admitted to conduct cases in any court of the United States*** or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 751 (6th Cir. 2010) the United States Sixth Circuit Court of appeals determined that 28 U.S.C. § 1927 does not authorize the imposition of sanctions on law firms. In so ruling, the *BDT Products* court looked to the clear language of the statute, which designates only the "attorney or person admitted to conduct cases" as persons who can be sanctioned. Accordingly, the *BDT Products* court determined that the language of 28 U.S.C. § 1927 is not broad enough to impose sanctions on the law firm employing such attorney.  The *BDT Products* court conceded that, if read in isolation, the "other person" reference in 28 U.S.C. § 1927 might be broad enough to include unnatural persons such as a law firm entity.  Reading the statute as a whole, however, the Court went on to determine that law firms are not "admitted" to "conduct cases" within the meaning of 28 U.S.C. § 1927 and that the statute could not be read to allow the imposition of sanctions against the law firm of an offending attorney.

20 U.S.C. § 1415(i)(3)(B)(i)(II-III) presents an even simpler analysis, as it speaks to no "other person" who might be liable for sanctions – only "***the attorney***" of a parent who files a complaint or subsequent action that is frivolous or "***the attorney***" of a parent who continue[s] to litigate after the litigation clearly bec[omes] frivolous, unreasonable, or without foundation. The plain language of 20 U.S.C. § 1415(i)(3)(B)(i)(II-III) covers only "the attorney" involved

in filing a complaint and litigating the action – it does not even arguably reach the attorney's law firm.

In deciding *BDT Products*, the Sixth Circuit relied on rationale of the United States Supreme Court in *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989), where the Supreme Court considered the question of whether sanctions were possible against a law firm under an earlier version of Fed. R. Civ. P. 11. The former version of Rule 11 assessed liability only against the "person who signed" pleadings. The Supreme Court determined that "the person who signed" as stated in former Rule 11 could only mean the individual signer and not his partnership. Rule 11 was since amended to read "[i[f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."

The language of 20 U.S.C. § 1415(i)(3)(B)(i)(II-III) is a far cry from the language of Rule 11 as it is currently constituted. Instead, 20 U.S.C. § 1415(i)(3)(B)(i)(II-III) more closely resembles the former language of Rule 11, under which the Supreme Court ruled that liability could not attach to the signing attorney's law firm. 20 U.S.C. § 1415(i)(3)(B)(i)(II-III) provides no indication that a law firm can be held liable for the sanctions it permits against the attorney of a parent. Like former Rule 11 and 28 U.S.C. § 1927, 20 U.S.C. § 1415(i)(3)(B)(i)(II-III) permits sanctions against the individual lawyer and not his law firm. Accordingly, any claim relating to Wallace & Bache LLC should be dismissed as a matter of law.

### 2. Plaintiff Hylant is Not Proper Plaintiff Since it is Not a Prevailing Party Nor a State Educational Agency or Local Educational Agency.

Much like the argument immediately previous to this argument, in order to collect fees under 20 U.S.C. § 1415(i)(3)(B)(i)(II-III) only allow state or local educational agencies to recoup attorneys' fees under the fee shifting scheme. From the corporate disclosure filed by the Plaintiff, it appears Plaintiff Hylant is an insurance company.  As such, it obviously is not a state or local educational agency, and therefore, is not entitled to fees.  For this reason, any claim relating to Plaintiff Hylant must be dismissed as a matter of law.

### 3. 20 U.S.C. § 1415(i)(3)(B)(i)(II-III) Does Not Authorize the Court to Award the Hearing Officer and Transcription Fees Requested by the Plaintiffs.

Plaintiffs cannot recover from Defendants the cost of the court reporter and transcript fees or the hearing officer's fee as those costs are clearly borne by the school district under Ohio law. A complaint must be dismissed if the claim for relief itself is precluded under law. *Frey v. Novartis Pharm. Corp.*, 642 F. Supp.2d 787, 795 (S.D. Ohio, 2009). Courts addressing this issue have not awarded the costs of the underlying administrative hearing, such as court reporter and hearing officer fees, to school districts. *See e.g. Cypress-Fairbanks Indep. Sch. Dist. v. Barry*, 118 F.3d 245 (5th Cir. 1997); *Lax v. District of Columbia*, 517 F. Supp.2d 57 (D. D.C. 2007); *Amherst Exempted Vill. Sch. Dist. Bd. of Educ. v. Calabrese*, No. 1:07-CV-920, 2008 U.S. Dist. LEXIS 55367 (N.D. Ohio July 21, 2008). Further, Ohio law addresses the issue of costs directly and places the responsibility on the school district. Ohio Admin. Code 3301:51- 05(K)(16)(a), (b), and (d) state:

> Cost of hearings: (a) The school district of the child's residence shall provide one copy of the written, or at the option of the parents, an electronic verbatim record of the hearing and findings of fact and decisions to the parent at no cost. (b) All other cost incurred in impartial due process hearings requested by the parent shall be assumed by the school district of the child's residence, except as follows:

(i) Expert testimony, outside medical evaluation, witness fees, subpoena fees, and cost of counsel will be paid by the party requesting the services;  and
(ii) If requested by the parents or their attorney, additional copies of the record of the hearing and findings of fact and decisions.
. . .
(d) School districts shall compensate hearing officers upon invoice at an hourly rate not higher than that established for special counsel for the state of Ohio. School districts shall compensate hearing officers for no more than fifty hours of actual hearing time, excluding work done outside of the hearing, for any due process request unless the hearing officer submits to the Ohio department of education, office for exceptional children a written rationale for a hearing to exceed fifty hours of hearing time.

O.A.C. 3301:51-5(K)(16)(a), (b), and (d).

Ohio regulations place the burden of costs such as the court reporter, transcript, and hearing officer fees on school districts without exception.  Additionally, in *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297, 126 S. Ct. 2455, 2459, 165 L. Ed. 2d 526 (2006) the United States Supreme Court considered a case where parents were the prevailing parties at the administrative level and sought to recover their expert fees in the administrative action as "costs" under the IDEA fee shifting statute. The Supreme Court determined that parents were not entitled to such fees, and, more specifically, stated that the IDEA fee shifting statute "does not say that a court may award 'costs' to prevailing parents; rather, it says that a court may award reasonable attorney's fees 'as part of the costs' to prevailing parents."  Costs and expenses are not able to be awarded to either party if they are determined to be the prevailing party.

Plaintiffs have not alleged any factual matter or legal support for requesting these costs. Therefore, Plaintiffs request for reimbursement of these fees must be dismissed as such a claim is precluded by Ohio law.

**E.  The Complaint Should Be Dismissed as Its Deficiencies Cannot Be Remedied**

Finally, Plaintiffs should not be allowed to amend their complaint because Plaintiffs had to know of the complaint's deficient pleadings at the time of filing. "Denial of leave to amend is warranted where there is undue delay, bad faith, or a dilatory motive on the part of the movant, the amendment would be futile, or undue prejudice would result to the opposing party." *Frey* at 796  citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Plaintiffs have not demonstrated that they are able to allege facts that state a plausible claim for relief; therefore, an amendment would be futile. *Id.* Defendants request that the Complaint be dismissed rather than allowing Plaintiffs to amend its complaint and continue to attempt to thwart protected activity.

## IV.    IV. CONCLUSION

The Plaintiffs' Complaint is barred by the statute of limitations and the remainder fails to state a claim as it is riddled with conclusory allegations that, even if true, could never meet the IDEA's attorney's fees standards. Additionally, Plaintiffs' requests costs that it cannot recover under Ohio law or the IDEA. Consequently, Plaintiffs' Complaint should be dismissed. Finally, Defendants request that the Court not permit Plaintiffs to amend its complaint as the complaint's deficiencies cannot be remedied.

Respectfully submitted,

/s/ Jason Wallace
Jason Wallace (0090167)
270 S Cleveland Massillon Rd
Fairlawn, Ohio 44333
P: 234-466-0829
F: 866-573-8377
Jason@GetHelpOhio.com
Attorney for Defendants Wallace, Bache and Wallace and Bache LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2016, a copy of this pleading was filed electronically.  Notice of the filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Jason Wallace
Jason Wallace (0090167)
Attorney for Defendants Wallace, Bache and
Wallace and Bache LLC