**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

|  |  |
|---|---|
| NORDONIA HILLS CITY SCHOOL DISTRICT BOARD OF EDUCATION, et. al.<br><br>    Plaintiff,<br><br>     v.<br><br>JASON D. WALLACE, et. al.<br><br>    Defendants. | ) Civil Action No. 5:16-CV-01973<br>)<br>) JUDGE JOHN R. ADAMS<br>)<br>)<br>)<br>) **DEFENDANTS WALLACE,**<br>) **BACHE, AND WALLACE &**<br>) **BACHE, LLC'S MOTION TO**<br>) **STAY PROCEEDINGS**<br>)<br>) |

After indicating they would be seeking a stay of the present matter pending the resolution of the underlying matter and that they would not be seeking discovery from the primary defendants, Plaintiffs have served discovery requests that seek privileged client communications and attorney work product, in addition to requests which are overly broad and not relevant to the claims or defenses of the instant action. This only complicates the fact that resolution of the instant matter is not possible until the underlying case is concluded. For these reasons and those that follow, Defendants Jason Wallace, Daniel Bache and Wallace and Bache LLC ("Defendants"), by and through undersigned counsel, respectfully request an Order from this Court staying the proceedings in the above-captioned matter.

**INTRODUCTION**

Currently, the Defendants are representing a party who is engaged in litigation with Plaintiffs before this Honorable Court in a matter captioned, *Coleman v. Nordonia Hills City*

1

*Schools*, 5:16-cv-02445. The underlying *Coleman* matter is an administrative appeal regarding a student's right to entitlement of a free appropriate public education under the IDEA and exhaustion of other claims under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. Not only is outcome of the instant matter predicated on the underlying administrative appeal, but Plaintiffs in the instant matter are seeking discovery that will taint the proceedings in the underlying administrative hearing.

As stated more fully below, the present matter should be stayed because:

- This matter is ancillary to the case filed by Mrs. Coleman in 5:16-CV-2445, wherein the State Level Review Officer's decision to dismiss the appeal of the Hearing Officer's decision may be decided as a matter of law; *i.e.*, the *Coleman* matter addresses a clear and narrow issue of law which will likely be decided in Mrs. Coleman's favor, thereby rendering Plaintiffs' instant action either moot or untimely;

- The Plaintiffs indicated on the Case Management Conference ("CMC") planning form, Doc #: 23 Page ID #:400 that they would be seeking a stay of this matter pending the outcome of 5:16-CV-2445;

- The Plaintiffs are seeking information that is protected by attorney client privilege and is therefore undiscoverable;

- Plaintiffs are seeking discovery of information not relevant to the cause of action;

- The Plaintiffs indicated on the Case Management Conference ("CMC") planning form, Doc #: 23 Page ID #:399, and at the pre-CMC meeting they would be seeking discovery only against Defendant RLB Law Firm on the disputed issue of Defendant RLB Law Firm's liability under the fee shifting provisions of 20

2

U.S.C. § 1415(i)(3)(B)(i)(II-III), yet while Plaintiffs indicated there was no need for discovery from Defendants Wallace, Bache, or Wallace & Bache, LLC, Plaintiffs issued voluminous requests for discovery greatly exceeding the scope of the sole issue before this Honorable Court.

## APPLICABLE PROCEDURAL BACKGROUND

The underlying due process administrative proceeding in SE 3113-2018 started with Defendant's filing of a due process complaint on or about May 7, 2015 on behalf of their client. The Impartial Hearing Officer ("IHO") issued her Final Decision ("Decision") on May 2, 2016. Defendants then filed, on behalf of their client, an appeal of the IHO's Decision on June 15, 2016 pursuant to O.R.C. 3323.05(H) and O.A.C. 3301-51-05(K)(17) within forty-five (45) days of the Decision.

The Ohio Department of Education appointed State Level Review Officer Robert Mues ("SLRO") on June 16, 2016 to review the record and decision. Plaintiff's filed a motion to dismiss on June 21, 2016. Defendants filed a response to the motion to dismiss on June 26, 2016. SLRO Mues issued an unsigned copy of his decision dismissing the appeal on July 7, 2016 via email.

Plaintiffs filed the complaint in this matter on August 5, 2016. Mrs. Coleman, Defendants' client in the underlying administrative due process matter, filed her complaint appealing the SLRO's decision on October 5, 2016.

## LAW & ANALYSIS: DISCOVERY SHOULD BE STAYED

### I. STANDARD FOR MOTION TO STAY

Nearly 75 years ago the United States Supreme Court recognized the inherent power of district courts "to stay proceedings in one suit until the decision of another" in furtherance of the

3

fair and efficient administration of justice. *Landis v. N. Am.Co.* (1936), 299 U.S. 248, 249, 254. As Justice Cardozo explained "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id*. at 254. The Supreme Court delineated two basic requirements for the grant of a discretionary stay. First, a party that seeks such a stay "must make a clear case of hardship or inequity in being required to go forward." *Id.* Second, such a stay must have time limit that is reasonable under the circumstances. *Id* at 257. Furthermore, there is nothing per se impermissible about staying a lawsuit until the outcome of another related action has been determined. *Id.* at 258.

"[T]he entry of such an order [to stay] ordinarily rests with the sound discretion of the District Court." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (citation and internal quotation marks omitted). *See also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

To determine whether to stay the grant of a preliminary injunction, courts balance four factors: the movant's likelihood of success on appeal; whether irreparable injury to the movant will result in the absence of a stay; prospective harm to others if a stay is granted; and the public's interest in granting a stay. *See Mich. Coal. of Radioactive Mat. Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (discussing whether to grant a stay under Fed. R. App. P. 8(a)). The first two factors . . . are the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

"[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order."

4

*Ohio Envtl. Council*, 565 F.2d at 396. The most important factor is the balance of the hardships, but "[t]he district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources." *Int'l Bhd. of Elec. Workers v. AT&T Network Sys.*, No. 88–3895, 879 F.2d 864, at *8 (6th Cir. Jul. 17, 1989) (internal citations omitted).

### A. LIKELIHOOD OF SUCCESS ON APPEAL

Plaintiffs' Complaint is an action based on the outcome of an administrative matter currently on appeal before this Honorable Court in *Angela Coleman v. Nordonia Hills City School District Board of Education*, United States District Court, Northern District of Ohio, Case No. 5:16-CV-2445, presiding Judge John R. Adams. The underlying case was dismissed at the administrative level by the State Level Review Officer for failure to state grounds in the notice of appeal. However, other State Level Review Officers have found that notices of appeal containing similar or less grounds were enough to qualify as grounds for appeal. *See, e.g., Due Process of K.M v. Solon City School District,* 116 LRP 18855 (Ohio Department of Education Case No(s): SE 3156/2015 and SE 3168-2015, Feb 24, 2016). For these reasons, Defendants firmly believe Case No. 5:16-CV-2445 will be successful on appeal and thereby render Plaintiffs' cause of action moot or unripe in the present case.

### B. IRREPARABLE HARM

As discussed above, Defendants' client, Angela Coleman, is currently pursuing an appeal of her case before this Court, captioned *Angela Coleman v. Nordonia Hills City School District Board of Education*, United States District Court, Northern District of Ohio, Case No. 5:16-CV-2445. Plaintiffs' discovery requests seek production of Defendants' work-product created as part of their representation of Ms. Coleman, in addition to seeking Defendant's confidential client communications with Ms. Coleman. Providing discovery to the Plaintiffs will cause the Defendants' client, Angela Coleman, irreparable harm in her case against the school, Case No.

5:16-CV-2445 as that matter is still pending and on-going and is inextricably intertwined with this matter.

### C. PUBLIC INTEREST IN GRANTING STAY

Plaintiffs are a public agency seeking to recover fees expended in an underlying administrative due process hearing. Granting the stay in this matter will prevent both parties from needlessly expending funds should the appeal in Case No. 5:16-CV-2445 be granted, making Plaintiffs' case moot or untimely and also helps insure this Honorable Court can efficiently expend its time and resources appropriately.

Allowing Plaintiffs to proceed in this suit will violate the longstanding public policies behind both the attorney-client privilege and the attorney work-product doctrines. Plaintiffs are using the present suit to obtain the files of Defendants' current client regarding a matter in which Plaintiffs are the named defendants. Such a strategy, of allowing a litigant to discover their opponent's counsel's files by filing suit against opposing counsel in what is disguised as a separate action, will open the flood gates to litigation and cause a break-down of our current system.

### D. NEITHER THE OTHER PARTY NOR THE PUBLIC WILL SUFFER HARM FROM THE GRANTING OF THE ORDER

The stay should be imposed as the delay will not harm either party in this matter. The Defendants are requesting a stay only until judgment is rendered in *Angela Coleman v. Nordonia Hills City School District Board of Education*, United States District Court, Northern District of Ohio, Case No. 5:16-CV-2445. The CMC Order in 5:16-CV-2445, Doc #: 13, provides a timeline for the briefs and replies to be submitted as follows:

> <u>Case Management Conference Order</u>. Case is assigned to the standard track. On or before 3/15/17, the Plaintiff shall file a brief in support of her Complaint wherein she cites the points and authorities in support of her position for entry of judgment in her favor on the administrative record. Defendant shall file a brief in

6

opposition within 21 days thereafter. Any reply brief shall be filed within 14 days after Defendant's opposition brief.

This timeline accounts for the filing of briefs and replies through the date of April 19, 2017. The Order also provides for the filing of Findings of Fact and Conclusions of Law of law to be provided to the Court by both parties within fourteen (14) days of the filing of the final brief, therefore no later than May 3, 2017.

As the Plaintiffs' cause of action is for attorney's fees that accrued previously, it is in the interest of both Parties to insure neither Party incurs more fees pursuing a matter that may be deemed moot or unripe within such a short time-span. In balancing the hardships of the Parties, it is clear granting the stay will prevent any further alleged harm as neither Plaintiffs nor Defendants will be accruing more time and expense on the matter until it is deemed necessary.

### E. PRESSING NEED FOR DELAY

The proceedings in this matter may be rendered either moot or unripe by the decision in *Angela Coleman v. Nordonia Hills City School District Board of Education*, United States District Court, Northern District of Ohio, Case No. 5:16-CV-2445, before this Honorable Court. Continuing to move forward with the proceeding will create an undue burden on both the Defendants and Plaintiffs as they both will need to accumulate documents, take time to answer the requests for interrogatories, admissions, meet with, and possibly depose witnesses.[1] The aforementioned may needlessly increase the cost of the litigation and require the Court's involvement for any necessary hearings or decisions. It is clear granting the stay will further the interest in economical use of judicial time and resources.

---

[1] It is the Defendants belief that no discovery is needed or warranted in this proceeding since the matter is ancillary to the administrative hearing, the Defendants did not have discovery available to them in the underlying administrative matter, and the only relevant issue is whether the Defendants filed a complaint that was frivolous or continued to litigate a claim after it became frivolous.

7

## II.    ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT

Much of the discovery the Plaintiff seeks is privileged material, falling under the protections of the attorney-client privilege and the attorney work-product doctrine.

The attorney-client privilege is the oldest of the privileges for confidential communications in the common law. *Upjohn Co. v. United States*, 449 US 383, 390 (1981) (citing 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961)). The purpose of this privilege is to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* The attorney-client privilege belongs to the client, who alone may waive it. *In re Seagate Technology, LLC*, 497 F.3d 1360, 1373 (Fed.Cir. 2007) (citing *Knorr-Bremse v. Dana Corp*, 383 F.3d 1337, 1345 (Fed.Cir. 2004)).

The work product doctrine however "is distinct from and broader than the attorney-client privilege." *In re Antitrust Grand Jury*, 805 F.2d 155, 163 (6th Cir. 1986) (*quoting United States v. Nobles*, 422 U.S. 225, 238 n.11, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975)). "While the attorney-client privilege protects only confidential communications, the work product doctrine generally protects from disclosure documents prepared by or for an attorney in anticipation of litigation." *Reg'l Airport Auth. v. LFG, LLC*, 460 F.3d 697, 713.

The Plaintiffs are seeking information that clearly falls under the protections of Attorney-Client Privilege and the Work Product Doctrine or is protected under Fed. R. Civ, P 26(b). For example, the interrogatories Plaintiffs have propounded upon Defendants seek the following information regarding the *Colman* matter from her counsel:

- diaries, notes, records, or other documents, including electronically stored information, *created or maintained* by you in connection with the conduct alleged in the Complaint; letters, personal notes, cards, e-mails and/or any other documentation *prepared or written* by you concerning the matters at issue in this Litigation;

8

- e-mails from any of your personal email accounts or from any other e-mail account which *were sent or received by you* and which relate to the matters at issue in this Litigation;

- statements *secured by you* from any person with knowledge or information relating to the allegations referenced in the Complaint and your defenses to the same;

- documents relating to any *investigation performed by you and/or your agents* into the allegations raised in Plaintiffs' Complaint and/or your defenses to the same;

- documents *submitted to any consulting or testifying expert* for review.

There is no question that the information sought by Plaintiffs is protected privileged communications and/or work-product. To allow Plaintiffs to use the instant action as a means to acquire privileged communications and work-product from the still pending *Colman* action would violate the bounds of and purpose behind these two privilege doctrines. As stated by the United States Supreme Court in discussing the applicability of these privileges:

> While it would probably be more convenient for the Government to secure the results of petitioner's internal investigation by simply subpoenaing the questionnaires and notes taken by petitioner's attorneys, such considerations of convenience do not overcome the policies served by the attorney-client privilege. As Justice Jackson noted in his concurring opinion in *Hickman* v. *Taylor,* 329 U.S., at 516: "**Discovery was hardly intended to enable a learned profession to perform its functions. . . on wits borrowed from the adversary**." At 396.

*Upjohn*, 449 U.S. at 396 (emphasis supplied).

There is no harm to the Plaintiffs in staying the proceedings until after the resolution of Case No: 5:16-CV-2445 as the information and documents requested by Plaintiffs is undiscoverable and privileged. Providing these privileged materials to the Plaintiffs will cause Defendants' client, Angela Coleman, irreparable harm in her case against the Plaintiffs, especially as that case is still pending and on-going.

9

---

**CONCLUSION**

Wherefore, Defendants respectfully move this Honorable Court for a Stay of the proceedings in this matter until the culmination of the ancillary matter, *Angela Coleman v. Nordonia Hills City School District Board of Education*, United States District Court, Northern District of Ohio, Case No. 5:16-CV-2445, is fully decided.

Respectfully submitted,

DICAUDO, PITCHFORD & YODER, LLC

*/s/J. Reid Yoder*
J. Reid Yoder (0076587)
ryoder@dpylaw.com
Benjamin R. Sorber (0092739)
bsorber@dpylaw.com
209 S. Main St., Third Floor
Akron, OH44313
Telephone: 330.762.7477
Facsimile:  330.762.8059

*Attorneys for Defendants, Jason Wallace, Daniel R. Bache, and Wallace & Bache, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 2, 2017, a copy of this pleading was filed electronically. Notice of the filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                                  */s/J. Reid Yoder*
                                                  J. Reid Yoder